ZIELINSKI *v.* FAIRMOUNT HOSPITAL.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—TOTAL DISABILITY—SKILLED AND COMMON LABOR.

    One employed as hand ironer in laundry of hospital, who suffered accident to right hand in mangle, resulting in loss of part of fingers and contraction of palm of hand so that she is unable to grasp any article in said hand, thus preventing her from following her usual occupation or that of domestic in home, is entitled to compensation for total disability after expiration of period of payment for loss of fingers, even if her occupation as hand ironer should be classified as common labor rather than skilled.

2. SAME—PETITION TO STOP PAYMENT—BURDEN OF PROOF—EARNING
   CAPACITY.

    Employer and insurer, petitioning that payments under work-
   men's compensation act for total disability to employee in-
   jured while employed as hand ironer be stopped, have burden
   of proof, and where they failed to establish what, if any,
   earning capacity injured employee possesses, even as common
   laborer, order of department of labor and industry continuing
   payment was justified.

Certiorari to Department of Labor and Industry.
Submitted June 19, 1930. (Docket No. 124, Calen-
dar No. 34,721.) Decided October 3, 1930.

Mrs. Alberta Zielinski presented her claim against
Fairmount hospital for an accidental injury while
in its employ. Defendant and Maryland Casualty
Company, insurer, bring certiorari to review an or-
der denying their petition to stop compensation.
Affirmed.

*Jackson, Fitzgerald & Dalm,* for plaintiff.

*Mason, Alexander & McCaslin,* for defendants.

NORTH, J. After an award of compensation based
upon approved settlement agreements, the defend-
ants herein filed a petition to stop payment. The
relief sought was denied, and defendants are review-
ing this order of denial by certiorari.

Plaintiff was employed in the laundry of the Fair-
mount hospital as a hand ironer. Incident to this
employment she also operated a mangle. While
so working, her right hand was crushed and burned
to the extent that amputation of the fingers fol-
lowed and scar tissue developed in the palm of the
hand. She still has the thumb and part of the fin-
gers on this hand, but, due to contraction of the scar

tissue, the fingers have been drawn to an unnatural angle. The scar tissue covers about one-third of the palm; and the surgeon who performed the operation testified that in his opinion the condition with which plaintiff is afflicted is a progressive one and it (the palm) is very sensitive and "hurts on pressure." He also testified that plaintiff was absolutely unable to follow the occupation "of a hand ironer."

On May 27, 1927, an agreement was entered into by the Maryland Casualty Company to pay plaintiff compensation incident to the loss of her fingers at the rate of $13.75 per week for a period of 100 weeks. A further agreement was entered into on the 18th of February, 1928, to pay plaintiff compensation during total disability at the rate of $13.75 per week. Each of these agreements was approved by the department on February 23, 1928. Compensation for loss of the fingers was paid for 96 weeks and tendered for the remaining 4 weeks. Plaintiff refused to sign a final receipt, and this petition to stop followed. At the hearing before the commission, plaintiff, without objection, exhibited her hand. Upon consideration of all the testimony, the commission ordered continuation of payment of compensation, having made a finding, which we quote in part:

"The commission are of the opinion and so find, after considering all the testimony and viewing the hand, that even if the testimony submitted would warrant a finding that the work that she was doing at the time was common labor, yet, the condition of the palm of her hand would prevent her from doing that class of work. In this connection it must be remembered that the field of common labor is not as broad for a woman as for a man. Plaintiff, accord-

ing to the undisputed testimony, is unable to grasp any article without experiencing pain. It is obvious this would be true, even if she had the missing members for in order to grasp an object the palm of the hand would have to be brought into play. On account of the present condition of the palm of her hand she would be prevented from doing sweeping, scrubbing or other domestic duties. The mere fact that plaintiff testified she did some work at home, would not warrant a finding that she could retain a position as a domestic. A person in that position, would be obliged to perform the usual duties of a domestic. This would necessitate her doing sweeping, scrubbing, lifting and carrying articles. This, she could not do for any period of time on account the palm of her hand being so tender that upon pressure she experiences pain.

"When the agreement was entered into plaintiff's attorney called attention to the fact that besides the injury to the fingers, she also had an injury to the palm of her hand. * * * The record is barren of any testimony showing that plaintiff could perform common labor."

The testimony contained in the record abundantly supports the finding of the commission; and on this ground alone the order of the commission continuing compensation is affirmed.

Defendants state in their brief:

"It is a question of whether or not this girl was performing skilled labor that is the determining factor as to whether or not she should be entitled to compensation."

As above indicated, we are not of the opinion that the disposition of this matter is controlled by a determination of whether plaintiff as a "hand ironer" was employed at skilled labor. We do not pass upon that question. On a petition to stop, the moving

party has the burden of proof. Petitioners have not established what, if any, earning capacity plaintiff possesses even as a common laborer. The record sustains the commission's order continuing compensation, and is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.